Deborah Tuck
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1806

FILED
APR 1 5 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

Plaintiff In Pro Se

# IN THE UNITED STATED DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DEBORAH TUCK,

    Plaintiff,

vs.

CAVALRY PORTFOLIO SERVICES,

    Defendants.

Case No. **16 CV 0918 AJB MDD**

VERIFIED COMPLAINT FOR DAMAGES

VIOLATIONS OF (TCPA) 47 U.S.C. §227 *et. seq.*
VIOLATIONS OF (FDCPA) 15 U.S.C. §1692 *et seq*
VIOLATIONS OF (FCRA) 15 U.S.C. §1681 *et seq.*
VIOLATIONS OF (CRFDCPA) Civ.Code §1788 *et seq.*

DEMAND FOR DECLARATORY RELIEF
DEMAND FOR JURY TRIAL

Plaintiff, DEBORAH TUCK, "In Pro Se" individually sues and alleges the following against defendant CAVALRY PORTFOLIO SERVICES, [a professional debt collector].

## I. PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by the plaintiff against the defendant for numerous strict statutory violations of the following: Telephone Consumer Practices Act (TCPA) 47 U.S.C. §227 *et seq.*, the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*, the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq. and the California Rosenthal Fair Credit Reporting Act (CRFCRA) Civ. Code §1788 *et seq.*

2. Plaintiff DEBORAH TUCK contends that the defendant CAVALRY PORFOLIO SERVICES has violated such laws by repeatedly harassing the plaintiff in attempts to collect an alleged but nonexistent consumer debt.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     Court Copy     PAGE 1

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3), 15 U.S.C.§1692(k)(d), supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.§1367, and California Code of Civil Procedure §410.10. Defendant conducts business in the state of California and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §3959(a). Venue in this district is proper in that the plaintiff resides here, the defendant transacts business here, and the conduct complained of occurred here.

5. This is an action for damages which exceeds $50,000.

## III. THE PARTIES

6. Plaintiff, DEBORAH TUCK (hereinafter "TUCK") is a natural person and resident of the State of California, San Diego County.

7. Upon information and belief defendant CAVALRY PORTFOLIO SERVICES (hereinafter "CPS") is a professional consumer debt collection agency, authorized to do business in California, with a corporate headquarters located at 500 Summit Drive Lake Drive, Suite 400, Valhalla, New York, 10595. Upon information and belief the registered CEO is Mr. Andrew Zaro.

8. Defendant CPS is an entity which professionally collects debts bringing it well within the ambit of the California Rosenthal Fair Debt Collection Practices Act ("CFDCPA") Civil Code §1788 *et. seq.*, and also a consumer debt collector which, among other activities, is a "*furnisher*" of negative consumer credit reports directly to all three (3) national credit reporting agencies.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff TUCK *has no prior or present established relationship with defendant* CPS.

10. Plaintiff TUCK *has no contractual obligation to defendants* CPS *to pay them anything.*

11. Plaintiff TUCK *has never given* defendant CPS *express written permission* to call plaintiff's cellular phones between the dates of August 2014 and today's date more than fifty (50) times.

12. Defendant CPS through their above-described actions violated the strict statutory guidelines set forth in (FDCPA) §1692d *by engaging in conduct the natural consequences of which is to harass, oppress, or abuse* plaintiff TUCK by calling his cell phones on more than fifty (50) separate occasions over a more than two year period of time from August 2014 to today's date.

13. Defendant CPS violated the TCPA by calling plaintiff TUCK's cell phone numbers (760) 840-1809, (760) 761-9722, (760) 840-1551, (760) 840-1806 from phone numbers (866) 483-5139, (651) 287-2980 and (800) 501-0909 more than fifty(50) times, *many of these fifty (50) harassing debt collection calls were made in the same business day* clearly violating (FDCPA) 15 U.S.C. §1692c(a).

14. Many of these harassing intrusive cell phone calls were placed before the very early morning hours of *8:00 am and after the late evening hours of 9:00 pm at night*, another direct statutory violation of (FDCPA) 15 U.S.C. *§1692c(a)*(1).

15. Plaintiff TUCK alleges that none of the more than fifty (50) harassing consumer debt collection calls placed by defendant CPS between the dates of August 2014 and today's date *were made for emergency purposes*, clearly violating (TCPA) U.S.C. 47 U.S.C. §227(b)(1)(A)(iii),.

16. From August 2014 through today's date defendant CPS violated the Telephone Communication Practices Act by leaving more than twenty (20) recorded messages *using an automatic telephone dialing system or artificial or prerecorded voices* on plaintiff's cell phones *without prior express written permission*.

17. Between the dates of September of 2014 and today's date, defendant CPS called plaintiff TUCK's cell phone numbers (760) 840-1809, (760) 761-9722, (760) 840-1551, (760) 840-1806 from phone numbers (866) 483-5139, (651) 287-2980 and (800) 501-0909 more than fifty(50) times [During many of these calls *failed to*

1 *identify that they were consumer debt collectors trying to collect on a alleged*
2 *negative consumer debt]* originating between the years of 2014 to the present date.

    **18.** All thirty fifty(50) calls placed by CPS to plaintiff TUCK's cellular phones <u>plaintiff TUCK has to pay for on his monthly cell phone bills</u>.

    **19.** On March 20, 2015 plaintiff TUCK demanded in writing from all three credit reporting agencies ("CRA's) that there be a 2ND immediate *re-investigation* into the alleged CPS negative credit line account and informed them that the above-named defendant CPS's presently negatively listed credit lines were being "disputed" and requested of the CRA's that this same negative credit line be removed from her credit filed immediately. CPS was then demanded to provide plaintiff TUCK with written "verification" and consumer debt validation pursuant to (FDCPA) 15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and Laws, as it pertained to any/all alleged consumer debt[s]. To date, defendant CPS has ignored all attempted communications in writing, by phone, email, or otherwise, which clearly demonstrates *willful and non-compliance* with (FDCPA) 15 U.S.C.§1692e(8)

    **20.** From August 2014 through today's date defendant CPS *asserted a right of which it lacks, to wit, the right to enforce or collect a debt*.

    **21.** On May 04, 2015 CPS *illegally requested and received* plaintiff TUCK's *personal credit files*, this intentional highly illegal intrusion into plaintiff TUCK's personal consumer credit files constitutes a willful and negligent violation (FCRA) 15 U.S.C. §1681b,[which is also a *criminal offense.* [felony], punishable under Title 18 U.S.C., *the penalty being a fine and or two years imprisonment*], and civil liability exists under within (FCRA) 15 U.S.C. §1681n. *This violation may also constitute a tort claim for identity theft*.

    **22.** Defendant CPS also filed a bogus lawsuit against plaintiff TUCK in California State court alleging false claims and damages, wrecking plaintiff's credit for years, plaintiff is going to adjudicate this falsely filed case forthwith.

23. Defendant CPS *clearly violated* section §1692d(5) of the Fair Debt Collection Practices Act and at the *very same time* violated the California Rosenthal Fair Debt Collection Practices Act Section §1788.17 (CFDCPA), by calling plaintiff TUCK on her personal cell phones on more than fifty (50) separate occasions and *caused* Plaintiff TUCK's cellular phones to *ring repeatedly and continuously with the intent* to annoy, abuse, or harass him into paying debt[s] allegedly owed to defendant CPS.

24. The same *consumer business debt[s]* allegedly owed to defendant CPS herein arose out of a transaction that was primarily for *personal, family, or household purposes*.

25. As plaintiff TUCK *has no business debt*, this same *alleged business debt* presently sought now by defendant CPS *could only have been used for personal, family, or household purposes*.

26. During this same more than two (2) year period of time defendant CPS totally ignored all written attempts by plaintiff TUCK to *cease and desist* all collection activities *immediately. Instead,* these same defendant's *commenced an ongoing almost daily campaign over a more than two (2) year period of time to harass, abuse and coerce plaintiff TUCK into paying an alleged consumer debt she has never known about nor ever owed.*

## V. COUNT I
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA) 47 U.S.C. §227 et seq. AGAINST DEFENDANT CAVALRY PORTFOLIO SERVICES

27. Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 26 herein.

28. Defendant CPS has demonstrated willful and knowing non-compliance with (TCPA) 47 U.S.C. §227(b)(1)(a) by using an automatic telephone dialing system to call the plaintiff TUCK's cellular phone numbers which are assigned to the San Diego cellular service provider T-Mobile and listed on the *National Do Not Call List.*

**29. (TCPA) <u>47 U.S.C. §227(b)(1)(A) states in part;</u>**

<u>(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT-
(1) PROHIBITIONS - It shall be unlawful for aany person within the United States, or any person outside the United States if the recipient is within the United States-
(A) To make any call(other than a call made for emergency purposes or made only with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-</u>

**30.** Defendant CPS placed calls to plaintiff TUCK's cell phone numbers no less than thirty fifty (50) separate times using an automatic Voice and/or ATDS dialing system.

**31.** Plaintiff TUCK has never given CPS *express written permission* to call TUCK's cell phones. There has never been any established business relationship between the two parties and plaintiff TUCK is entitled to damages of $500 for the first placed call and $1,500 per violation after the first initially placed call pursuant to (TCPA) 47 U.S.C. §227(b)(3)(B) as all of those calls were *intentional*.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against defendants CPS for actual, statutory, and punitive damages, attorney's costs and fees pursuant to (TCPA) 15 U.S.C. §227(b)(1)(A), together with such other and further relief as this court may deem reasonable and just under the circumstances.

### VI. COUNT II
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT(FDCPA) 15 U.S.C. §1692 *et seq.* AGAINST DEFENDANT CAVALRY PORTFOLIO SERVICES</u>

**32.** Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 31 herein.

**33.** Plaintiff TUCK is a *"consumer"* within the meaning of (FDCPA) 15 U.S.C.*§1692a(3)*.

**34.** Defendant CPS is a "*debt collector*"within the meaning of (FDCPA) 15 U.S.C. *§1692a(6)*.

35. Defendant CAVALRY PORTFOLIO SERVICES violations include, but are not limited to the following:

    **a)** Defendant CPS violated (FDCPA) 15 U.S.C.*§1692c(a)*(1) by contacting plaintiff TUCK at a *time and place known to be inconvenient*.

    **b)** Defendant CPS violated (FDCPA) U.S.C. *§1692d by engaging in conduct that the natural consequence of is to harass, abuse, and oppress plaintiff* TUCK.

    **c)** Defendant CPS violated (FDCPA) U.S.C.*§1692d(2) by using abusive language in an attempt to collect an alleged debt*.

    **d)** Defendant CPS violated (FDCPA) U.S.C.*§1692d(5)* when defendant CPS *caused* plaintiff TUCK's *telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass plaintiff* TUCK.

    **e)** Defendant CPS violated (FDCPA) U.S.C.*§1692e by making false, deceptive, and misleading representations in connection with the debt collection*.

    **f)** Defendant CPS violated (FDCPA) 15 U.S.C. *§1692e(2) by falsely representing the character, amount, or legal status of any debt*.

    **g)** Defendant CPS violated (FDCPA) 15 U.S.C.*§1692e(4) by misrepresenting that nonpayment of any debt will result in the arrest or imprisonment of any person*.

    **h)** Defendant CPS violated (FDCPA) 15 U.S.C.*§1692e(5) for threatening to take any action against plaintiff that cannot legally be taken or that is not intended to be taken*.

    **i)** Defendant CPS violated (FDCPA) 15 U.S.C.§1692e(8) *by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt was disputed*.

    **j)** Defendant CPS violated (FDCPA) 15 U.S.C.§1692e(10) *by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*.

k) Defendant CPS violated (FDCPA) 15 U.S.C.§1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law*.

l) Defendant CPS violated (FDCPA) 15 U.S.C. §1692g by, *within five (5) days after the initial communication with plaintiff in connection with the collection of any debt, failing to send plaintiff a written notice containing a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and a statement that, upon the consumers's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

**WHEREFORE,** Plaintiff, DEBORAH TUCK, respectfully requests judgement be entered against defendant CPS for the following:

**36.** Declaratory judgement that the defendant CPS conduct violated the Fair Debt Collection Practices Act,

**37.** Statutory damages of $1,000.00 for each violation pursuant to (FDCPA)15 U.S.C. *§1692k* .

**38.** Costs and reasonable attorneys fees pursuant to (FDCPA)*15 U.S.C. §1692k.*

**39.** Any other relief that this Honorable Court deems appropriate.

///
///
///

## VII.  COUNT III
<u>VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),15 U.S.C. §1681 *et seq.*
WILLFUL OR NON-COMPLIANCE AGAINST DEFENDANT
CAVALRY PORTFOLIO SERVICES</u>

**40.** Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 39 herein.

**41.** Plaintiff TUCK is a "<u>*consumer*</u>" within the meaning of (FCRA) 15 U.S.C. §1681a(c).

**42.** Professional consumer debt buyer/collector CPS is a "<u>*furnisher*</u>" of information within the meaning of (FCRA) 15 U.S.C. §1681s-2b.

**43.** Professional consumer debt buyer/collector CPS <u>*willfully and independently violated*</u> the (FCRA) numerous times over a more than two (2) year period of time. Defendant CPS's <u>*violations include, but are not limited to, the following*</u>:

(a) Debt collector CPS willfully violated (FCRA) 15 U.S.C. §1681b(f) by obtaining plaintiff TUCK's consumer credit files on May 04,2014, without a permissible purpose as defined by (FCRA) 15 U.S.C. §1681b.

**WHEREFORE**, plaintiff TUCK demands judgement for damages in the amount of $1,000.00 against debt collector CPS for actual or statutory damages, and any/all punitive damages, attorney's fees and costs, pursuant to (FCRA) 15 U.S.C. §1681n.

///
///
///
///
///
///
///
///
///

## VIII. COUNT IV
### VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
California Civil Code Section §1788 *et seq.*
### AGAINST DEFENDANT CAVALRY PORTFOLIO SERVICES

44. Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 43 herein.

45. Plaintiff TUCK is a *"consumer"* within the meaning of (FDCPA) 15 U.S.C.*§1692a(3)*.

46. Defendant CPS is a "*debt collector*"within the meaning of California Civil Code Section §1788(f) and (FDCPA) 15 U.S.C. *§1692a(6)*.

47. The CPS negatively reported consumer credit line in question is a consumer credit transaction as defined by California Civil Code Section §1788(e) of The California Fair Debt Collection Practices Act (CFDCPA), as plaintiff TUCK has allegedly received property, services or money from defendant CPS or an extension of credit, and such property, services or money was used primarily for *personal, family or household purposes*.

48. Defendant CPS violated California Civil Code Section (CFDCPA) §1788.11(d) by placing collection calls to plaintiff TUCK's cellular phones *repeatedly and continuously so as to annoy and harrass the plaintiff into paying an alleged consumer debt purportedly owed by* plaintiff TUCK.

49. Defendant CPS violated California Civil Code Section (CFDCPA) §1788.17 by placing collection calls to plaintiff's personal cellular phone with *such frequency as to be unreasonable and to constitute a direct intentional barrage of harassment towards the plaintiff under the circumstances*.

50. Defendant CPS violated California Civil Code Section (CFDCPA) §1788.17 by continuously failing to comply with thestatutory regulations contained within (FDCPA) 15 U.S.C.§1692 *et seq.*

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against CPS for actual, statutory, and attorney's fees and costs pursuant to California Civil Code Section §1788.30(b) and costs pursuant to §1788(c).

## IX.  PRAYER

I, DEBORAH TUCK, the Plaintiff In Pro Se, in the above-entitled case respectfully prays for judgment as follows:

51.  For actual, general and special damages according to the proof at trial;

52.  For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.

53.  For punitive damages against defendants CPS according to proof at trial and using the applicable punitive damages standards from the involved statutes;

54.  For attorney's fees where authorized by statute or law;

55.  For costs and expenses of suit; and

56.  For such other relief as the court deems just and proper.

## X.  DEMAND FOR JURY TRIAL

57.  Plaintiff DEBORAH TUCK hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this 14th day of April 2016.

_____,

DEBORAH TUCK, Plaintiff In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1806

# XI. VERIFICATION
## DECLARATION OF PLAINTIFF DEBORAH TUCK

I, DEBORAH TUCK declare as follows:

**58.** I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**59.** I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**60.** I have been damaged *financially, socially* and *emotionally* since May 2013 as a direct result of defendant CPS's unlawful actions and conduct including more than fity (50) calls to my cellular phones.

**61.** I have read the foregoing pleadings in their entirety and believe all of the facts so stated therein to be both *true and correct.*

**62.** I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**63.** Plaintiff TUCK demands judgement for damages against defendant CPS for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to California Civil Code Section (CFDCPA) §1788.30(b) and costs pursuant to California Civil Code Section (CFDCPA) §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this 14th day of April 2016  By: _____Deborah Tuck_____

DEBORAH TUCK, Plaintiff In Pro Se

Deborah Tuck vs. Cavalry Portfolio Services,
United States District Court Case No.

## XII. CERTIFICATE OF SERVICE

**63.** I, Richard Caruso, the undersigned declare under the penalty of perjury declare the following:

**64.** That I am over the age of eighteen years and not a party to this action;

**65.** That I served the above-named defendant's the following documents:

- **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
- **CONSUMER DISPUTE OF DEBT**

**67.** By placing copies of the above-described documents filed with this court in a separate envelope, with postage fully pre-paid, for each address named below and deposited each in the U.S. mail.

- Cavalry Portfolio Services
  500 Summit Lake Drive, Suite 400
  Valhalla, New York, 10595

Executed on this 14th day of April 2016, in San Diego county, U.S.A.

By _____Richard Caruso_____,

Richard Caruso